UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| George Holmes, | ) | C/A No. 2:11-01005-SB-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| P.D. McDowell, | ) | Report and Recommendation |
| | ) | |
| Defendant. | ) | |

The Plaintiff, George Holmes (Plaintiff), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Evans Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names an SCDC employee as the sole Defendant.[2] Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat.

---

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1321 (1996).  This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief."  28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton*, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319.

## Background

The Complaint alleges that, on April 20, 2011, Defendant P. D. McDowell came to Plaintiff's cell to notarize papers he was sending to "SCDC/Evans CI Staff" concerning "Mental Health."  ECF No. 1, page 3.  Plaintiff states that Defendant McDowell asked to see Plaintiff's envelopes and refused to notarize the documents until the envelopes were addressed.  *Id.*  Plaintiff alleges that the Defendant was "trying to make me send my legal mail out with-out making copy's, and [ ] trying to make me mail out my legal mail on  her time."  *Id.* The Defendant indicated that she would notarize the documents when the envelopes were addressed and then "walked off."  *Id.*

Defendant McDowell returned to notarize Plaintiff's "legal papers" on April 25, 2011, however, the documents had already been sent out for copying.  *Id.* at 4.  Defendant

McDowell then stated that she needed to notarize the papers before they were copied. *Id.* Plaintiff states that he doesn't "trust her around my legal mail or papers . . . ." *Id.* For relief, Plaintiff requests monetary damages and would "like to keep P. D. McDowell away from my mail." *Id.* at 5.

## Discussion

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff complains that Defendant McDowell refused to notarize Plaintiff's legal documents on April 20, 2011. ECF No. 1, page 3. Plaintiff alleges that the Defendant's refusal to notarize the documents constitutes tampering with "legal letters." *Id.* at 5. Plaintiff further states that he does not "trust" the Defendant "around [his] legal mail or papers" and has "great concerns" regarding other "good cases" that he has filed. *Id.* at 4-5. Thus, while Plaintiff frames his pleading as one raising issues under the Due Process Clause, *id.* at 2, it appears Plaintiff is actually alleging that the Defendant's actions have resulted in a denial of court access.

3

As an initial matter, the Complaint provides no factual support for his claim of "mail tampering" by the Defendant. Instead, Plaintiff states that Defendant McDowell refused to notarize his documents on April 20, 2011, and that he "believe[s] she tamper[s] with my legal mail." ECF No. 1, page 5.  In a cover letter filed with Plaintiff's Financial Certificate on May 9, 2011, Plaintiff states that Defendant McDowell has delivered his "legal mail open before."  ECF No. 7-1.  However, Plaintiff still provides insufficient factual information to demonstrate that Defendant McDowell is the individual responsible for opening Plaintiff's legal mail.  Mere speculation that his legal mail is being opened or mishandled by the Defendant, absent any supporting factual allegations, is insufficient to state a cognizable denial of court access claim. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996)("Specificity is necessary so that prison officials are not required to file unnecessary responses to speculative allegations.").  Although the Court must liberally construe the *pro se* Complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because it failed to contain any factual allegations tending to support the plaintiff's bare assertion).  While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003).

Next, it is well established that, to state a constitutional claim for denial of meaningful access to the courts, an inmate must allege specific injury resulting from the alleged denial. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had

4

been frustrated or was being impeded); *Michau v. Charleston Co.*, 434 F.3d 725, 728 (4th

Cir. 2006) (finding *sua sponte* dismissal appropriate where the plaintiff did not explain how

he was injured by any limitations on his access to a law library).  Plaintiff must make

specific allegations as to the actual injury sustained.  *See also Cochran v. Morris*, 73 F.3d

1310, 1317 (4th Cir. 1996) (plaintiff failed to identify any actual injury resulting from official

conduct); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir.1993) (Prisoner had a "basic

requirement that he show specific harm or prejudice from the allegedly denied access.").

The instant Complaint provides no facts to demonstrate that any of Plaintiff's pending civil

actions were prejudiced, or in any way negatively impacted, by Defendant McDowell's

refusal to notarize Plaintiff's documents.<sup>3</sup>  As Plaintiff fails to allege that the Defendant's

actions resulted in any "actual injury" or impediment to a non-frivolous legal action, his

denial of court access claim is subject to summary dismissal.

Finally, it is clear from the face of the Complaint that Plaintiff filed this case

prematurely, before attempting to exhaust the South Carolina Department of Corrections

(SCDC) administrative remedy process.  ECF No. 1, page 2.<sup>4</sup>  The Prison Litigation Reform

Act, 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison

conditions under section 1983 of this title, or any other Federal law, by a prisoner confined

in any jail, prison, or other correctional facility until such administrative remedies as are

---

³ Plaintiff's letter of May 9, 2011, also alleges that Defendant McDowell failed to timely mail Plaintiff's financial certificate to the Court. ECF No. 7-1. However, the belated receipt of Plaintiff's financial certificate had no impact on the case as it was received only ten (10) days after the Complaint was filed and prior to any initial review of the pleadings.

⁴ Plaintiff filed his institutional grievance on April 20, 2011.  The instant Complaint was signed by Plaintiff on April 25, 2011.

5

available are exhausted."   The United States Supreme Court has held that, "the PLRA's

exhaustion requirement applies to all inmate suits about prison life, whether they involve

general circumstances or particular episodes, and whether they allege excessive force or

some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  The lack of exhaustion

of administrative remedies is considered an affirmative defense and not a jurisdictional

infirmity. *Jones v. Bock,* 549 U.S. 199 (2007).   However, if the lack of exhaustion is

apparent from the face of the prisoner's complaint *sua sponte* dismissal prior to service of

the complaint is appropriate.  *See Anderson v. XYZ Correctional Health Servs.*, 407 F.3d

674, 683 (4th Cir. 2005).  *See also Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008);

*Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006).  In the present Complaint,

Plaintiff clearly states that he filed an institutional grievance concerning the issues raised

in this case only five (5) days prior to initiating the instant lawsuit.  ECF No. 1, page 2.

Thus, Plaintiff has not received a final institutional answer concerning the allegations raised

in this action.  As such, the instant Complaint is also subject to summary dismissal for lack

of exhaustion.

### Recommendation

Accordingly, it is recommended that the Complaint in the above-captioned case be

dismissed without prejudice and without issuance of service of process.

s/Bruce Howe Hendricks
United States Magistrate Judge

6

May 20, 2011
Charleston, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).